United States District Court
Southern District of Texas
**ENTERED**
October 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL GARRETT, TDCJ #697364, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-2792 |
| BOBBY LUMPKIN, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Michael Garrett (TDCJ #697364), has filed a Prisoner's Civil Rights Complaint ("Complaint") (Docket Entry No. 1), concerning the conditions of his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He has submitted an Application to Proceed In Forma Pauperis (Docket Entry No. 7). He has also filed "[Plaintiff's] More Definite Statement" (Docket Entry No. 9). Because Garrett is a prisoner who has requested leave to proceed as an indigent litigant, the court is required to scrutinize the Complaint and dismiss the case if it determines that the action is "frivolous or malicious;" "fails to state a claim on which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Garrett is presently incarcerated by TDCJ at the Estelle Unit in Huntsville.[1] He sues TDCJ Director Bobby Lumpkin and the following other defendants who are employed by TDCJ at the Estelle Unit facility: (1) Warden Michael Britt, (2) Warden Burks, (3) Major Austin, and (4) Sergeant Mechado.[2]

Garrett contends that he was placed in solitary confinement or restrictive housing in retaliation for engaging in a "Peaceful Grievance Protest - Hunger Strike."[3] Garrett explains that Registered Nurse Michelle Northcutt placed him in solitary confinement after he filed a grievance against "TDCJ and [its] Designees" to announce that he was going on a hunger strike to protest prison conditions in general at the Estelle Unit.[4] Garrett discloses that he is an "ADA patient" who has a seizure disorder.[5] Garrett contends that he was deprived of his personal property, including his fan and his "keep on person" medication, while in

---

[1] Complaint, Docket Entry No. 1, p. 3. For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

[2] Id.

[3] Id. at 4.

[4] Plaintiff's More Definite Statement ("Plaintiff's MDS"), Docket Entry No. 9, pp. 2, 6 (Responses to Questions 3 and 15(c)).

[5] Complaint, Docket Entry No. 1, p. 4; Plaintiff's MDS, Docket Entry No. 9, p. 2 (Response to Question 7).

solitary confinement.[6] He allegedly suffered several seizures because of extreme heat, stress, and his hunger strike.[7] Garrett seeks unspecified injunctive relief and his immediate release from restrictive housing.[8]

## II.  Standard of Review

The Prison Litigation Reform Act ("PLRA") requires federal district courts to screen prisoner complaints to identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis

---

[6]Complaint, Docket Entry No. 1, p. 4; Plaintiff's MDS, Docket Entry No. 9, p. 4 (Response to Question 11(d)).

[7]Plaintiff's MDS, Docket Entry No. 9, p. 4 (Response to Question 11(b)).

[8]Complaint, Docket Entry No. 1, p. 4.

either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted). In conducting this review the court is mindful that the plaintiff's pro se pleadings are subject to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam).

### III. Discussion

**A. The Application to Proceed In Forma Pauperis**

Garrett has requested leave to proceed without prepayment of the filing fee in this case.[9] Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action without prepaying the filing fee if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which

---

[9]Application to Proceed In Forma Pauperis, Docket Entry No. 7.

relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) (observing that the three-strikes rule was established to "help staunch a 'flood of non-meritorious' prisoner litigation") (quoting Bock, 127 S. Ct. at 914).

Garrett's litigation history reflects that he has filed more than three civil actions or appeals that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted: (1) Garrett v. Williams, Civil Action No. 4:95-295 (E.D. Tex. January 4, 1996) (dismissed as frivolous); (2) Garrett v. Vance, Civil Action No. 3:96-1196 (N.D. Tex. July 12, 1996) (dismissed as frivolous); (3) Garrett v. Denton County Sheriff's Department, Civil Action No. 4:96-278 (E.D. Tex. Oct. 15, 1996) (dismissed as frivolous); (4) Garrett v. Stephens, Civil Action No. 2:15-0403 (S.D. Tex. Feb. 22, 2016) (dismissed as frivolous and for failure to state a claim); and (5) Garrett v. Davis, Appeal No. 17-41171 (5th Cir. July 3, 2018) (dismissed as frivolous). As a result, Garrett is not eligible to proceed without prepayment of the filing fee unless the exception found in § 1915(g) applies. See Garrett v. Davis, No. H-20-cv-3328 (S.D. Tex. Sept. 30, 2020) (Order of Dismissal, Docket Entry No. 6, p. 2) (finding that Garrett is barred from proceeding as a pauper by the three-strikes rule).

Garrett has alleged that his exposure to extreme heat while in solitary confinement caused him to suffer seizures, which could qualify as an "imminent danger of serious physical injury" under

the exception to the three-strikes rule found in § 1915(g).[10] In his more definite statement, Garrett discloses that he was placed in solitary confinement on June 20, 2023, and released on July 15, 2023.[11] Garrett confirms that he has been transferred from restrictive housing to a cell in the general population.[12] Although Garrett is no longer subject to the conditions of solitary confinement, the court will grant his request for leave to proceed without prepayment of the filing fee,[13] but will dismiss the Complaint because his claims are now moot.

B. **The Claims are Moot**

A case becomes moot and no longer presents an actual case or controversy for purposes of subject matter jurisdiction under Article III of the United States Constitution "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726-27 (2013) (citation and internal quotation marks omitted). Under the case-or-controversy requirement, "[t]he parties must continue to have a personal stake in the outcome of

---

[10]Garrett states that he suffered the seizures in "June 2023," but provides no other details. See Plaintiff's MDS, Docket Entry No. 9, p. 4 (Response to Question 11(A)).

[11]Plaintiff's MDS, Docket Entry No. 9, p. 2 (Responses to Questions 3 and 5).

[12]Id. (Response to Question 5).

[13]Application to Proceed In Forma Pauperis, Docket Entry No. 7.

the lawsuit." Lewis v. Continental Bank Corp., 110 S. Ct. 1249, 1254 (1990) (internal quotation marks and citations omitted). This means that, through all stages of the proceeding, "'a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013) (quoting Lewis, 110 S. Ct. at 1253).

Because immediate release from solitary confinement is the only specific form of relief sought by Garrett,[14] his release and transfer to the general population has rendered this case moot. See Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002); see also Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (noting that plaintiff's transfer to a different prison facility rendered his claims for declaratory and injunctive relief moot); Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that an inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief); Hernandez v. Garrison, 916 F.2d 291, 293 (5th Cir. 1990) (holding that a prisoner's Eighth Amendment claims, including allegations of overcrowding and denial of adequate medical treatment, were moot after the plaintiff was transferred to another correctional facility, and the only remedy he sought was a transfer). Accordingly, Garrett's Complaint must be dismissed.

---

[14]Complaint, Docket Entry No. 1, p. 4.

Even assuming that Garrett intended to include a claim for compensatory damages, his Complaint is subject to dismissal for additional reasons discussed briefly below.

**C.   Garrett Fails to State a Claim Against the Defendants**

"Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Garrett acknowledges that the decision to place him in solitary confinement was made by Registered Nurse Michelle Northcutt.[15] Nurse Northcutt is not listed in the Complaint as a defendant in this case.[16] Absent personal involvement or any other facts that would give rise to liability on the part of the named defendants, Garrett fails to state a claim upon which relief can be granted against Director Lumpkin, Warden Britt, Warden Burks, Major Austin, or Sergeant Mechado. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

Likewise, Garrett did not name any of the defendants in the general grievance that he filed about prison conditions and his decision to go on a hunger strike.[17] His allegations are otherwise insufficient to state a claim against the named defendants or Nurse Northcutt. See Hogan v. Prince, Civil Action No. 14-138-SDD-RLB,

---

[15]Plaintiff's MDS, Docket Entry No. 9, p. 2 (Responses to Questions 3 and 5).

[16]Complaint, Docket Entry No. 1, p. 3.

[17]See Plaintiff's MDS, Docket Entry No. 9, p. 6 (Response to Question 15(c)).

2015 WL 4527683, at *5 (M.D. La. July 27, 2015) (dismissing an inmate's claim that he was placed in an "isolation cell" in retaliation for going on a hunger strike because, where a prison grievance process exists, undertaking a hunger strike "does not clearly implicate the exercise of any specific constitutional right and so does not support a claim for retaliation"). For this additional reason, Garrett fails to state a claim upon which relief may be granted. See Freeman v. Texas Dep't of Criminal Justice, 369 F.3d 854, 864 (5th Cir. 2004) ("'If the inmate is unable to point to a specific constitutional right that has been violated, the [retaliation] claim will fail.'") (citation omitted). Accordingly, this civil action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 filed by Michael Garrett (Docket Entry No. 1) is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The dismissal will count as another **STRIKE** for purposes of 28 U.S.C. § 1915(g).

3. Garrett's Application to Proceed In Forma Pauperis (Docket Entry No. 7) is **GRANTED**.

4. Garrett shall pay $350.00, which is the filing fee for indigent litigants. When funds are available, officials with the TDCJ Inmate Trust Fund shall collect this amount from the plaintiff's trust

account and forward it to the Clerk in periodic installments as required by 28 U.S.C. § 1915(b) until the entire fee is satisfied.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Memorandum Opinion and Order to (1) the TDCJ Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, by e-mail: ctfcourt.collections@tdcj.texas.gov; and (2) the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 12th day of October, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE